# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**MARYSOL PENA-ARMENTA,**<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cr-00348-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Marysol Pena-Armenta's appeal of Magistrate Judge Paul M. Warner's April 8, 2020 Order Denying Defendant's Motion for Review of Detention and Immediate Release. On May 5, 2020, this court telephonically held oral argument on Defendant's appeal. Defendant was on the telephone conference and represented by Erlinda O. Johnson and Alexander E. Ramos. The United States was represented on the telephone conference by Kelsy B. Young. The court took the appeal under advisement. This court has reviewed Defendant's motion and the law and facts relevant to the determination of Defendant's detention pending trial. Being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On September 12, 2019, Defendant was charged in an indictment with one count of possessing heroin with intent to distribute. Later that month, Defendant appeared before the court on two different occasions: (1) for her initial appearance and (2) for a detention hearing. At the detention hearing, the magistrate judge detained Defendant pending trial concluding that she was a threat of non-appearance and a danger to the community. Specifically, the magistrate

judge noted that there was an outstanding federal warrant for Defendant's arrest in another jurisdiction. Subsequently, in March 2020, Defendant sought review of her detention and moved for immediate release. On April 8, 2020, the magistrate judge denied Defendant's motion.

## DISCUSSION

Defendant now appeals the magistrate judge's order detaining Defendant pending trial pursuant to 18 § U.S.C. 3145(b), 18 U.S.C. § 3142(i), and DUCrimR 57-16(a)(1). "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 § U.S.C. 3145(b); *see also* DUCrimR 57-16(a)(1) (allowing a party to "seek review of a magistrate judge's order . . . detaining a defendant"). When considering an appeal from a magistrate judge's order of detention, the district court conducts a de novo review. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).

18 § U.S.C. 3142(e)(1) provides that after a detention hearing, if the judge determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judge "shall order the detention of the person before trial." Importantly, however, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* § 3142(e)(3).

In her appeal, Defendant advances three arguments in favor of her release pending trial: (1) the magistrate judge erred when originally detaining her because she is neither a flight risk

nor a danger to the community; (2) due to the barriers caused by the COVID-19 pandemic, she is unable to adequately prepare her defense for trial; and (3) she is at a higher risk of suffering severe complications if she contracts COVID-19 because she suffers from an autoimmune disease.  The court will address each argument in turn.

First, Defendant argues that she has no intention of fleeing nor does she present any danger to the community.  Despite Defendant's contentions, the court notes that the presumption of detention applies in this case given that Defendant's charged offense—violation of 21 U.S.C. § 841(a)(1)—is included as one of the offenses listed under 18 § U.S.C. 3142(e)(3).  With this presumption in mind and viewing the facts before the court, the court is unconvinced that the magistrate judge erred in his reasoning for originally detaining Defendant.  Notably, in addition to the charged offense in this case, Defendant has been charged with drug-related offenses in three different jurisdictions.  This includes an outstanding warrant for charges similar to that of this case in the District of New Mexico.  Furthermore, given Defendant's lack of ties to this District and her consistent travels to Mexico, the court is persuaded that she presents a risk of non-appearance that supports detention pending trial.  Therefore, the court agrees with the magistrate judge's original rationale for detention.  Consequently, the court concludes that Defendant's first argument does not support release.

Second, Defendant argues that she should be temporarily released with conditions due to the barriers to adequate representation that she faces as an incarcerated defendant as a result of the COVID-19 pandemic.  In support of her argument, Defendant points to 18 U.S.C. § 3142(i), which provides, in relevant part:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

3

Defendant contends that the pandemic has created circumstances such that she is unable to adequately prepare her defense for trial.  For example, Weber County jail, where Defendant is incarcerated, has temporarily disallowed contact visits.  In addition, while Weber County jail is now providing vouchers for inmates to engage in video calls with their attorneys, those video calls raise serious concerns regarding inmates' privacy and the ability to openly discuss their cases.  And, although inmates are still able to discuss their cases over the phone with their attorneys, there still remain legitimate privacy concerns that could easily be avoided by in-person meetings.  Accordingly, Defendant contends that these circumstances inhibit her ability adequately prepare for trial.

While the stress and difficulty the pandemic has placed on Defendant's trial preparation is not lost on the court, the court remains unconvinced that it necessitates Defendant's release.  Importantly, the difficulties Defendant is facing are shared by the majority of inmates that are currently incarcerated.[1]  Furthermore, given the uncertainty surrounding the pandemic, it is entirely possible that Weber County jail could continue allowing contact visits within a matter of weeks.  While the opposite is also true, the court finds that it would, at the very least, be premature to release Defendant on this basis at this time.  As such, the court is unpersuaded that Defendant must be temporarily released so that she can adequately prepare her defense.

Third, Defendant argues that she is at a higher risk of suffering severe complications if she contracts COVID-19 because she suffers from an autoimmune disease known as Addison's

---

[1] At the hearing, the court raised this issue with Defendant's counsel.  Counsel responded that although difficulty in preparing for trial due to the pandemic is likely shared among most, if not all, inmates, the individual circumstances of this case distinguish Defendant's situation from other inmates.  The court finds this argument to be unpersuasive.  Even considering Defendant's individual circumstances, the court is not convinced that Defendant's circumstances are distinct from those of other inmates.  To the extent, however, that Defendant argues that her circumstances are materially different from other inmates based on her health conditions, the court will address that argument below.

Disease. Defendant argues that her vulnerability to COVID-19 constitutes a "compelling reason" under 18 U.S.C. § 3142(i) that supports her request to be released. While the court recognizes the concern that Defendant feels given the status of her health, the court remains unconvinced that her health concerns entitle her to be released. Just as the magistrate judge concluded, the court finds that Defendant's arguments regarding (1) her health condition and COVID-19 and (2) the risk of a COVID-19 outbreak to the prison population at large to be too general and speculative to warrant her release.

As a final matter, the court is cognizant of how rapidly circumstances are changing as a result of the COVID-19 pandemic and how those changes may be affecting Defendant's ability to prepare her defense. Therefore, if, by June 12, Defendant's ability to prepare for trial is being inhibited in a material way due to restrictions from the COVID-19 pandemic, the court will permit Defendant to revive her present appeal of the magistrate judge's order.

## CONCLUSION

Based on the foregoing reasoning, the court AFFIRMS Magistrate Judge Warner's April 8, 2020 Order Denying Defendant's Motion for Review of Detention and Immediate Release.

DATED this 7th day of May, 2020.

                                      BY THE COURT:

                                      DALE A. KIMBALL
                                      United States District Judge