# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **MARYSOL PENA-ARMENTA,**  Defendant. | **MEMORANDUM DECISION AND ORDER**  Case No. 2:19-cr-00348-DAK  Judge Dale A. Kimball |

This matter is before the court on Defendant Marysol Pena-Armenta's Motion to Reconsider District Court's Order of Detention. Because the court finds that a hearing on this matter is not necessary, the court issues the following Memorandum Decision and Order based on the facts relating to the motion and memoranda submitted by the parties.

## BACKGROUND

On September 12, 2019, Defendant was charged in an indictment with one count of possessing heroin with intent to distribute. Later that month, Defendant appeared before the court on two different occasions: (1) for her initial appearance and (2) for a detention hearing. At the detention hearing, the magistrate judge detained Defendant pending trial concluding that she was a threat of non-appearance and a danger to the community. Specifically, the magistrate judge noted that there was an outstanding federal warrant for Defendant's arrest in another jurisdiction. Subsequently, in March 2020, Defendant sought review of her detention and moved for immediate release, which the magistrate judge denied. Defendant then appealed the magistrate's decision. In May 2020, the court affirmed the magistrate judge's order of detention. In that decision, however, the court noted that the circumstances surrounding the COVID-19

pandemic are constantly changing. Accordingly, the court articulated that Defendant could potentially revive her appeal of the magistrate judge's order at a later date.

## DISCUSSION

Defendant has revived her appeal of the magistrate judge's decision and seeks reconsideration of the order detaining her pending trial. Defendant makes two arguments in favor of her release. First, legal visit protocols at Weber County Jail, where Defendant is incarcerated, have changed since the court's last decision. Those changes permit in-person visits with detainees, but require a glass barrier between counsel and detainees. Importantly, Defendant has several motions pending before the court that are scheduled for a hearing on August 26, 2020. In order to adequately prepare for that hearing given that she may have to testify, Defendant argues that she must review video and audio evidence with her counsel. She contends that she cannot properly review such evidence with a glass barrier separating her from her counsel. Second, Defendant emphasizes that there is a COVID-19 outbreak currently taking place at Weber County Jail. Given that Defendant suffers from an autoimmune disease known as Addison's Disease, she argues that her life is at risk because of the potentially serious complications she could suffer if she contracted COVID-19.

Despite Defendant's contentions, the court is unpersuaded that the magistrate judge's original order of detention should be overturned. First, as the court noted in its decision affirming the magistrate judge's detention order, the presumption of detention applies in this case. Bearing in mind this presumption, combined with Defendant's criminal history and the fact that there was an outstanding warrant for Defendant at the time she was taken into custody in this case, the court is unconvinced that Defendant is not a flight risk or that she poses no danger to the community. Second, although Defendant's preparation for her pretrial motions and

trial itself have become more difficult as a result of the restrictions and precautions caused by the pandemic, those difficulties are not exclusive to Defendant.  Indeed, most individuals, if not all, who are currently detained pending trial are experiencing precisely the same difficulties Defendant is now facing.  While such preparation complications are not lost on the court, the COVID-19 pandemic has frustrated nearly every aspect of the judicial process, including evidentiary hearings and other pretrial matters.  Thus, given that trial preparation has become more difficult for nearly all inmates, attorneys, and the court itself, the court concludes that Defendant's first argument does not warrant Defendant's release.

Lastly, the court again recognizes the concern that Defendant must feel regarding her health, especially considering the recent outbreak of COVID-19 at Weber County Jail.  Nevertheless, the court remains unpersuaded that Defendant should be released on account of her health.  The court finds that the presumption of detention, risk of Defendant's non-appearance, and Defendant's criminal history outweigh her health concerns related to COVID-19.  Accordingly, Defendant's motion must be denied.

## CONCLUSION

Based on the foregoing analysis, the court hereby DENIES Defendant's Motion to Reconsider District Court's Order of Detention.

DATED this 28th day of July, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge